IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXIAN BROTHERS MEDICAL CENTER, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12 C 3517 |
| | ) |
| UNITED FOOD AND COMMERCIAL WORKER UNIONS AND EMPLOYERS MIDWEST HEALTH BENEFITS FUND, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

Defendant, which for convenience has shortened its self-reference to "Health Benefits Fund" (a usage that this Court will also employ), has filed its Answer and an Affirmative Defense ("AD") to the ERISA-based Complaint brought against it by Alexian Brothers Medical Center. This sua sponte memorandum order is triggered by some problematic aspects of that responsive pleading.

To begin with, Health Benefits Fund's counsel has ignored, and has therefore not complied with, the mandate of this District Court's LR 10.1. Even apart from the obvious salutary purpose of that LR, litigants are duty bound to comply with it.

Next, Answer ¶ 10 declines to respond to the corresponding allegation of Alexian's Complaint on the predicate that it "alleges a conclusion of law." Nonsense – see, e.g., App'x ¶ 2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Answer ¶ 10 is therefore stricken.

Finally, Health Benefits Fund's AD is totally at odds with the principle that an AD must accept the complaint's allegations as true – see App'x ¶ 5 to State Farm. Here the AD flatly contradicts Complaint ¶ 19, so it too is stricken.

Because of the first flaw identified in this memorandum order, the responsive pleading is stricken in its entirety. Health Benefits Fund is of course granted leave to file an Amended Answer (but without an AD) on or before July 9, 2012.

_____<br>
Milton I. Shadur<br>
Senior United States District Judge

Date: June 22, 2012.